IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EYDIE T. DIANGELO<br>individually and on behalf of the class<br>defined herein,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>UNIFUND CCR PARTNERS;<br>CREDIT CARD RECEIVABLES FUND, INC.,<br>and ZB LIMITED PARTNERSHIP,<br><br>　　　　　　　Defendants. | 08-cv-3205<br><br>Judge Darrah<br>Magistrate Judge Schenkier |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION[1]

Plaintiff respectfully requests that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action against defendants Unifund CCR Partners ("Unifund"), Credit Card Receivables Fund, Inc. ("CCRF"), and ZB Limited Partnership ("ZBLP"). Plaintiff defines the class as (a) all individuals in Illinois, Indiana or Wisconsin (b) to whom defendant sent an initial letter in the form represented by Exhibit A (c) on or after a date one year prior to the filing of this action, and less than 20 days after the filing of this action.

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiff states:

**NATURE OF THE CASE**

1.　This case concerns a standard form collection letter used by defendant Unifund CCR Partners (Exhibit A). On or about August 23, 2007, Unifund CCR Partners sent plaintiff Diangelo the letter attached as Exhibit A. The letter sought to collect a purported credit card

---

[1] Exhibits referenced are attached to Memorandum in Support of Plaintiff's Motion for Class Certification.

1

debt incurred for personal, family or household purposes. The letter refers to the credit card and states, "This letter is to inform you that Unifund currently owns or is servicing the above referenced account . . . ." (Exhibit A). Exhibit A is the initial letter defendant Unifund sent to plaintiff and represents a form letter intended for use by Unifund as the initial letter it sends to a consumer.

2. Section §1692g of the FDCPA requires disclosure of the name of the creditor to whom the debt is owed. Exhibit A does not do this. By stating that Unifund "currently owns or is servicing the above referenced account," when Unifund both purchases debts and collects debts owned by others, the letter fails to inform the recipient whether (a) Unifund owns or claims to own the the debt, (b) the debt is still owned by the original credit card company and Unifund is acting as its "servicer" or collection agency, or (c) Unifund is acting as "servicer" or collection agency for someone other than the original creditor who has purchased the debt.

**CLASS CERTIFICATION REQUIREMENTS**

3. All requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

4. It is reasonable to infer from the following facts that the number of class members exceeds the approximately 40 required for certification:

    a. This action complains of a standard form used by defendant.

    b. Unifund CCR Partners states on its Web site, www.unifund.com, that "Unifund is one of the country's leading purchasers, sellers and managers of under-performing and distressed consumer receivables. Unifund offers sellers an opportunity to unlock the value of their dormant delinquent receivables . . . ." The same Web site also states, "In 1989, Unifund began buying distressed loan portfolios on a national scale from small banks and retailers. One year later, the company began purchasing portfolios from large financial institutions. Today, the company is one of the largest buyers and

       resellers of consumer debt in the nation."

   c. Unifund CCR Partners owns approximately $12 billion in charged-off debts, according to an interview of its principal executive officer in the Cincinnati Business Courier of September 3, 2007. Dan Monk, "Consumer debt? He loves it; Unifund thrives by taking on others' unpaid bills, to tune of $12 billion." Defendant is the largest collection agency in the United States.

5. Plaintiff will obtain the exact number of class members through discovery, and requests a briefing schedule long enough to obtain such information.

6. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The primary question is whether <u>Exhibit A</u> violates the FDCPA.

7. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

8. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases. (<u>Exhibit B</u>)

9. A class action is superior to other alternative methods of adjudicating this dispute, in that:

   a. Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute.

   b. A class action is necessary to determine that defendant's conduct is a violation of law and bring about its cessation.

10. In further support of this motion, plaintiff submits the accompanying memorandum of law.

11. Plaintiff is filing a class certification motion at this time because of the

decision in <u>White v. Humana Health Plan, Inc.</u>, 06 C 5546, 2007 U.S.Dist. LEXIS 32263 (N.D.Ill., May 2, 2007).

       WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

                                                         Respectfully submitted,

                                                           <u>s/ Daniel A. Edelman</u>
                                                           Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\20371\Pleading\P's Motion for Class Cert_Pleading.wpd

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on June 9, 2008, the foregoing document was filed electronically. A copy of the foregoing document was served U.S. Mail to:

**Unifund CCR Partners**
c/o Registered Agent
CT Corporation System
251 E. Ohio St., Suite 1100
Indianapolis, IN 46204

**Credit Card Receivables Fund, Inc.**
c/o Registered Agent
CT Corporation System
251 E. Ohio St., Suite 1100
Indianapolis, IN 46204

**ZB Limited Partnership**
c/o Registered Agent
The Prentice-Hall Corporation System, Inc.
2711 Centerville Road, Suite 400
Wilmington, DE 19808

                                                s/ Daniel A. Edelman
                                                Daniel A. Edelman