**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EYDIE T. DIANGELO | ) | |
| individually and on behalf of the class defined | ) | |
| herein, | ) | |
| | ) | 08 CV 3205 |
| Plaintiffs, | ) | DISTRICT JUDGE DARRAH |
| | ) | MAGISTRATE JUDGE SCHENKIER |
| vs. | ) | |
| | ) | |
| UNIFUND CCR PARTNERS; | ) | |
| CREDIT CARD RECEIVABLES FUND, INC., | ) | |
| and ZB LIMITED PARTNERSHIP, | ) | |
| | ) | |
| Defendants. | | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendants, Unifund CCR Partners (hereinafter referred to as "Unifund"), Credit Card Receivables Fund, Inc. and ZB Limited Partnership, by and through their counsel, Joseph P. Kincaid and Kathleen A. Kelley, in response to Plaintiff's Complaint, state as follows:

**INTRODUCTION**

1.      Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendants. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**RESPONSE:** Defendants admit that Plaintiff purports to state a claim against Defendants for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). Defendants admit that Plaintiff alleges that Defendants violated the FDCPA. However, Defendants deny that any Defendant, including Unifund, engaged in any unfair or unconscionable collection method, engaged in any conduct which harasses, oppresses or abuses any debtor, and/or made any false, deceptive or misleading statements in connection with the collection of any debts. Defendants deny that they violated the FDCPA in any manner. Defendants further deny that they are liable to Plaintiff or the purported class, and deny that Plaintiff and the purported class are entitled to any relief whatsoever. Additionally, Defendants further deny the remaining allegation contained in paragraph 1 of the complaint, as to the Plaintiff's characterization of what types of activities are prohibited under the FDCPA, as Defendants deny that paragraph 1 fully sets forth or states the cited provisions of the FDCPA.

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

**RESPONSE:** Defendants admit the allegations contained in paragraph 2 of the complaint.

3. Venue and personal jurisdiction in this District are proper because defendant's collection communications were received by plaintiff within this District.

**RESPONSE:** Defendants admit that venue and personal jurisdiction in this District for this matter are proper. Defendants deny any remaining allegations that Defendants do not specifically admit.

## PARTIES

4. Plaintiff Eydie T. Diangelo is an individual who resides in Chicago, Illinois.

**RESPONSE:** Defendants are without knowledge or information sufficient to form a belief as to Plaintiff Eydie T. Diangelo's residence at the time of this Answer and therefore Defendants deny the allegations contained in paragraph 4 of the complaint.

5.    Defendant Unifund CCR Partners ("Unifund") is a general partnership which is engaged in the businesses of (a) a bad debt buyer, purchasing charged-off debts allegedly owed by consumers and attempting to collect them from the consumers and (b) a collection agency, collecting for clients debts allegedly owed by consumers.

       **RESPONSE:**       Defendants admit that Unifund is a general partnership. Defendants admit that, as part of Unifund's business activities, Unifund purchases and manages distressed consumer receivables and, through local collection counsel, attempts to recover those amounts legitimately owed by certain debtors. Defendants deny that Plaintiff fully or accurately characterizes the nature of Unifund's business in paragraph 5 of the complaint. Defendants deny any remaining allegations that Defendants do not specifically admit.

6.    Unifund CCR Partners operates from an address of 10625 Techwoods Circle, Cincinnati, Ohio 45242.

       **RESPONSE:**       Defendants admit that Unifund's principal place of business is located at 10625 Techwoods Circle, Cincinnati, Ohio 45242.

7.    Unifund CCR Partners states on its Web site, www.unifund.com, that "Unifund is one of the country's leading purchasers, sellers and managers of under-performing and distressed consumer receivables. Unifund offers sellers an opportunity to unlock the value of their dormant delinquent receivables…." The same Web site also states, "In 1989, Unifund began buying distressed loan portfolios on a national scale from small banks and retailers. One year later, the company began purchasing portfolios from large financial institutions. Today, the company is one of the largest buyers and resellers of consumer debt in the nation."

       **RESPONSE:**       Defendants deny that paragraph 7 fully and accurately sets forth or states the information that is on Unifund CCR Partners' Web site. Defendants further state that Unifund CCR Partners' Web site, www.unifund.com, speaks for itself and deny each and every remaining allegation contained in paragraph 7.

3

8.     According to an interview of Unifund's principal executive officer in the Cincinnati Enquirer, Nov. 23, 2004, Unifund pays four to ten cents on the dollar for debts and recovers an average of 20 cents on the dollar.

> **RESPONSE:**     Defendants admit that on November 23, 2003, the Cincinnati Enquirer published an interview of Unifund's CEO and that, in that article, it states that Unifund's CEO made that statement. Defendants deny any remaining allegations that Defendants do not specifically admit.

9.     Unifund CCR Partners owns approximately $12 billion in charged-off debts, according to an interview of its principal executive officer in the Cincinnati Business Courier of September 3, 2007. Dan Monk, "Consumer debt? He loves it; Unifund thrives by taking on others' unpaid bills, to tune of $12 billion."

> **RESPONSE:**     In addition to such information being confidential and proprietary, Defendants state that the amount that Unifund owns in charged-off debts varies day-to-day with its inventory; therefore, Defendants deny the allegations contained in paragraph 9 of the complaint.

10.     The same Web site also describes Unifund's collection agency business: "For a variety of reasons, you may choose to maintain ownership of your long-overdue receivables. In that case, we manage those accounts for you to extract the same value we realize from our owned accounts. We use the same internal and external data sources, work with the same network of partners, and bring the same innovation and proprietary technology to the management of your portfolios. We are efficient in determining what works best to unlock value from your accounts."

> **RESPONSE:**     Defendants deny that paragraph 10 fully and accurately sets forth or states the information that is on Unifund CCR Partners' Web site. Defendants further state that Unifund CCR Partners' Web site, www.unifund.com, speaks for itself and deny each and every remaining allegation contained in paragraph 10.

11.    Unifund CCR Partners is a "debt collector" as defined in the FDCPA, 15 U.S.C. § 1692a(6).

    **RESPONSE:**    For purposes of this matter only, Defendants admit that Unifund is a "debt collector" as defined by the FDCPA.

12.    On information and belief, defendant Unifund CCR Partners has two partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership.

    **RESPONSE:**    Defendants admit the allegations of paragraph 12.

13.    Defendant Credit Card Receivables Fund, Inc. is a corporation chartered under the laws of the State of Ohio and a general partner of Unifund. It operates from an address of 10635 Techwoods Circle, Cincinnati, Ohio 45242. As general partner, all acts of Unifund are chargeable to it.

    **RESPONSE:**    Defendants admit the allegations contained in paragraph 13 of the complaint except to state that its address is 10625, not 10635, Techwoods Circle, but deny the allegations about "chargeable" as legal conclusions.

14.    Defendant ZB Limited Partnership is a limited partnership entity chartered under the laws of the State of Delaware and is a general partner of Unifund.  Its address for service of process is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  As general partner, all acts of Unifund are chargeable to it.

    **RESPONSE:**    Defendants admit that ZB Limited Partnership is a limited partnership entity chartered under the law of Delaware and a general partner of Unifund.  Answering further, Defendants state that ZB Limited Partnership operates from an address of 988 Fifth Avenue, 9th Floor, New York, New York.  Defendants deny the allegations about "chargeable" as legal conclusions.

## FACTS RELATING TO PLAINTIFF

15.     On or about August 23, 2007, Unifund CCR Partners sent plaintiff Diangelo the letter attached as Exhibit A.

> **RESPONSE:**          Defendants admit the allegations contained in paragraph 15 of the complaint.

16.     The letter sought to collect purported credit card debts incurred for personal, family or household purposes.

> **RESPONSE:**          Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that the debt was "incurred for personal, family or household purposes," and therefore Defendants deny the allegations contained in paragraph 16 of the complaint.

17.     The letter refers to the credit card and states, "This letter is to inform you that Unifund currently owns or is servicing the above referenced account...."

> **RESPONSE:**          Defendants admit that the letter, attached as Exhibit A to Plaintiff's complaint, states, in part, "This letter is to inform you that Unifund currently owns or is servicing the above reference account. . . ." Defendants deny that paragraph 17 fully and accurately sets forth the entire letter, which is attached as Exhibit A to Plaintiff's complaint.

18.     Exhibit A was the initial letter plaintiff received from defendant Unifund regarding the debts described therein.

> **RESPONSE:**          Defendants admit that the letter, attached as Exhibit A to Plaintiff's complaint, appears to be the same as that letter sent to plaintiff from Unifund and appears to have been Unifund's initial communication with plaintiff.

19.     On information and belief, Exhibit A was the initial letter defendant Unifund sent to plaintiff regarding the debt described therein.

**RESPONSE:**        Defendants admit that the letter, attached as <u>Exhibit A</u> to Plaintiff's complaint, appears to be the same as that letter sent to plaintiff from Unifund and appears to have been Unifund's initial communication with plaintiff.

20.        On information and belief, <u>Exhibit A</u> represents a form letter intended for use by

Unifund as the initial letter it sends to a consumer.

**RESPONSE:**        The term "form letter" is vague and/or ambiguous and Plaintiff does not provide a definition for such term and, thus, Defendants cannot reasonably be required to frame an answer to this statement. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and therefore Defendants deny those allegations. Without waiving, withdrawing or contradicting their denial of the allegations in paragraph 20, Defendants state that the document attached as <u>Exhibit A</u> varies from debtor to debtor, but that certain elements included in those documents are the same as to certain debtors.

## <u>VIOLATIONS COMPLAINED OF</u>

21.        The "validation notice" section of the FDCPA, 15 U.S.C. §1692g, provides:

§ 1692g.        Validation of debts [Section 809 of P.L.]

Notice of debt; contents

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed; ...

**RESPONSE:**        Defendants admit that paragraph 21 purports to cite to certain provisions of § 1692g of the FDCPA, but denies that such provisions are applicable because Defendants deny that any violation of the FDCPA occurred. Defendants further deny that paragraph 21 fully sets forth the provisions of § 1692g.

22.    <u>Exhibit A</u> does not disclose the name of the creditor to whom the debt is owed as required. By stating that Unifund "currently owns or is servicing the above referenced account," when Unifund both purchases debts and collects debts owned by others, the letter fails to inform the recipient whether (a) Unifund owns or claims to own the debt, (b) the debt is still owned by the original credit card company and Unifund is acting as its "servicer" or collection agency, or (c) Unifund is acting as "servicer" or collection agency for someone other than the original creditor who has purchased the debt.

        **<u>RESPONSE:</u>**      Defendants deny the allegations contained in paragraph 22 of the complaint, including subparts (a) through (c).

        WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, demand judgment against Plaintiff and in favor of Defendants as to the Complaint in its entirety.

## <u>CLASS ALLEGATIONS</u>

23.    Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

        **<u>RESPONSE:</u>**      Defendants admit that Plaintiff has filed this claim on behalf of an alleged class. Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 23.

24.    The class consists of (a) all individuals in Illinois, Indiana or Wisconsin (b) to whom defendant sent an initial letter in the form represented by <u>Exhibit A</u> (c) on or after a date one year prior to the filing of this action, and less than 20 days after the filing of this action.

**RESPONSE:**          Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 24. Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 24.

25.     The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

**RESPONSE:**          Defendants deny the allegations contained in paragraph 25. Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 25. Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 25.

26.     There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

**RESPONSE:**          Defendants deny the allegations contained in paragraph 26. Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 26. Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 26.

27.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**RESPONSE:**          Defendants deny the allegations contained in paragraph 27. Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 27. Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 27.

28.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

> **<u>RESPONSE:</u>**     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the complaint and therefore Defendants deny those allegations. Answering further, Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 28.  Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 28.

29.     A class action is superior for the fair and efficient adjudication of this matter, in that:

> a.     Individual actions are not economically feasible.
>
> b.     Members of the class are likely to be unaware of their rights;
>
> c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

> **<u>RESPONSE:</u>**     Defendants deny that any class exists or that any class should be certified and accordingly deny the allegations contained in paragraph 29, including subparagraphs (a) through (c). Furthermore, Defendants are without knowledge of the identity, claims and any other information about any of the alleged class members and therefore must deny the allegations stated in paragraph 29, including subparagraphs (a) through (c).

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, demand judgment against Plaintiff and in favor of Defendants as to the Complaint in its entirety.

## AFFIRMATIVE DEFENSES

Without prejudice to its denials or other statements in its pleadings, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, by and through their counsel, Joseph P. Kincaid and Kathleen A. Kelley, state for their affirmative defenses to Plaintiff's Complaint:

## FIRST AFFIRMATIVE DEFENSE

For their first affirmative defense, Defendants state that Plaintiff fails to state a cause of action for a violation of the FDCPA, 15 U.S.C. § 1692 *et seq.*

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, pray that judgment be entered in their favor and against the Plaintiff, with costs.

## SECOND AFFIRMATIVE DEFENSE

For their second affirmative defense, Defendants state that the letter at issue was not "false, deceptive, or misleading within the meaning of the FDCPA." Alternatively, Defendants state that the alleged violations in no way exemplify the abusive behavior or false or misleading practices Congress had in mind in enacting the FDCPA. Also in the alternative, Defendants state that any alleged violation would not cause even an "unsophisticated consumer" to be confused or misled.

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, pray that judgment be entered in their favor and against the Plaintiff, with costs.

11

## THIRD AFFIRMATIVE DEFENSE

For their third affirmative defense, Defendants state that pursuant to 15 U.S.C. § 1692k(c), "[a] debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error." On information and belief, if any FDCPA violation is found, that said violation was not intentional, resulted from a bona fide error, and that Defendant(s) maintained procedures reasonably adapted to avoid such an error.

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, pray that judgment be entered in their favor and against the Plaintiff, with costs.

## FOURTH AFFIRMATIVE DEFENSE

For their fourth affirmative defense, Defendants state that Plaintiff's alleged claims, and/or those of the purported class members, are subject to set-off and/or recoupment of any and all sums due and owing by Plaintiff and/or the purported members of the class.

WHEREFORE, Defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership, pray that judgment be entered in their favor and against the Plaintiff, with costs.

Respectfully submitted,

SWANSON, MARTIN & BELL LLP


 /s/   Kathleen A. Kelley
One of the Attorneys for Unifund CCR Partners, Credit Card Receivables Fund, Inc. and ZB Limited Partnership

12

Joseph P. Kincaid – ARDC 6202639
Kathleen A. Kelley – ARDC 6288296
SWANSON, MARTIN & BELL LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois  60611
Telephone – 312/321-9100
Facsimile – 312/321-0990